UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAHINDRA & MAHINDRA LTD. AND
MAHINDRA AUTOMOTIVE NORTH
AMERICA, INC.,

Plaintiffs / Counterclaim
Defendants,

v.

FCA US LLC,

Defendant / Counterclaim
Plaintiff.

Case No. 18-cv-12645

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#400] AND GRANTING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT [#405, 409]

### I. INTRODUCTION

On August 23, 2018, Plaintiffs Mahindra & Mahindra Ltd. and Mahindra

Automotive North America, Inc. (together, "Plaintiffs") filed the instant breach of

contract, declaratory judgment, and cancellation of several of Defendant FCA US

LLC's ("Defendant") trademark registration claims.[1]   ECF No. 1.   Defendant

previously petitioned the International Trade Commission ("ITC") to investigate

---

[1] The Court dismissed Plaintiff's two additional claims, tortious interference with business expectations (Count II) and unfair competition (Count III) on April 2, 2019. ECF No. 63.

Plaintiffs' alleged infringement of its intellectual property with Plaintiff's Roxor vehicle. *See* ECF No. 400, PageID.42210. On November 8, 2018, Defendant counterclaimed with trademark and trade-dress infringement claims similar to those brought in its ITC complaint, as well as a false-advertising claim which could not be adjudicated before the ITC. ECF No. 47. On October 22, 2019, the Court granted Plaintiffs' Motion to Adjourn Trial Date and Final Pretrial Conference, ECF No. 208, pending a final decision in connection with the parallel proceedings before the ITC. ECF No. 209. On June 11, 2020, the ITC issued a Final Determination. *See* ECF No. 396, PageID.42135.

Presently before the Court are Defendant's Motion for Summary Judgment, which was filed on June 18, 2020, and Plaintiffs' Cross-Motion for Summary Judgment, which was filed on July 21, 2020.[2] ECF Nos. 400, 405, 409. The parties timely filed their Responses to the respective motions. ECF Nos. 408, 411. The parties also timely filed their Reply briefs. ECF Nos. 412, 413. A hearing on the parties' motions was held on October 6, 2020. For the reasons that follow, the Court will **GRANT** Defendant's Motion for Summary Judgment [#400]. The Court will also **GRANT** Plaintiffs' Cross-Motion for Summary Judgment [#405, 409].

---

[2] Plaintiffs originally filed their Supplemental Brief on July 9, 2020. ECF No. 406. The Court issued an Order striking this document after finding that Plaintiffs failed to abide by the Court's Electronic Filing Policies and Procedures. ECF No. 407.

## II. BACKGROUND

### A. Early Proceedings in this Court

This case involves a trademark dispute. According to Plaintiffs, Mahindra & Mahindra Ltd. ("M&M") entered into an agreement with Defendant[3] in 2009 ("2009 Agreement") for a grille design on vehicles that did not infringe on Defendant's Jeep brand grille design. ECF No. 1, PageID.1–2. Mahindra Automotive North America, Inc. ("MANA") then implemented this design in an off-road-only vehicle. *Id.* In 2015, MANA designed and manufactured an off-road-only vehicle for sale in the United States, named the Roxor. *Id.* at PageID.8. Plaintiffs allege that the Roxor incorporates the "Approved Grille Design," which M&M and Defendant allegedly agreed to in their 2009 contract negotiations. *Id.*

On August 1, 2018, Defendant filed a complaint with the ITC against Plaintiffs, alleging that the Roxor vehicle infringes its Jeep-related intellectual property. *See* ECF No. 1-3. Plaintiffs then filed their Complaint and Motion for Preliminary Injunction in this Court on August 23, 2018. ECF Nos. 1, 3. Defendant answered and brought counterclaims asserting trademark and trade-dress infringement claims similar to those it asserted before the ITC, as well as a false-advertising claim. ECF No. 47.

---

[3] Plaintiffs entered into an agreement with Chrysler Group LLC, which Defendant FCA US LLC eventually took over. ECF No. 1, PageID.5.

On October 25, 2018, the Court issued a Scheduling Order, which included a December 10, 2019 trial date.  ECF No. 42.  The actions in the ITC and this Court then proceeded in parallel.  On April 2, 2019, the Court granted Defendant's Motion to Dismiss Counts II and III of Plaintiffs' Complaint.  ECF No. 63.  The following claims from Plaintiffs' Complaint remain in the present matter: breach of contract (Count I); declaratory judgment of non-infringement (Count IV); and cancellation of certain trademark registrations (Count V).   Moreover, Defendant's ten counterclaims, which are similar to those it asserted before the ITC, along with a false-advertising claim, remain pending before this Court.  *See* ECF No. 47.

### B. ITC Proceedings and Determinations

The ITC proceedings were divided into two phases.   ECF No. 400, PageID.42211.   First, the ITC conducted an initial "100-day proceeding" to determine whether the parties' 2009 Agreement barred Defendant's suit.   *Id.* Following a two-day evidentiary hearing, the ITC concluded that (1) the 2009 Agreement was not ambiguous, ECF No. 55-1, PageID.1404; (2) the Roxor grille did not embody the Approved Grille Design shown in Exhibit A of the 2009 Agreement, ECF No. 55-1, PageID.1410; and (3) Defendant's claims in its suit were not implicated by the 2009 Agreement, ECF No. 55-1, PagID.1410.  Upon Plaintiffs' petition to the full Commission, the ITC concluded that the ALJ's determination was "the determination of the Commission" itself.  *See* ECF No. 60-1.

Second, the ITC conducted an evidentiary hearing on the merits, which included five days of testimony and argument, as well as two rounds of post-hearing briefing.  ECF No. 400, PageID.42212.  On November 8, 2019, the ITC issued its Initial Determination.  *See* ECF No. 400-2.  The ALJ concluded, in relevant part:

- The Jeep Trade Dress is not generic; is non-functional; has acquired secondary meaning; and is infringed by the Roxor vehicle,[4] ECF No. 400-2, PageID.42311;

- The Jeep Trade Dress is not famous and is not diluted by the Roxor vehicle, ECF No. 400-2, PageID.42288;

- The Roxor grille does not infringe the Registered Grille Marks, ECF No. 400-2, PageID.42294–95;

- The Registered Grille Marks are not diluted by the Roxor grille, ECF No. 400-2, PageID.42298–99;

- The Roxor vehicle does not infringe the '873 Mark, ECF No. 400-2, PageID.42297–98; and

- The '873 Mark is not famous and has not been diluted by the Roxor vehicle, ECF No. 400-2, PageID.42298.

---

[4] Plaintiffs emphasized in both their briefs and at the hearing that discovery and trial before the ITC involved only the 2018-2019 Roxor vehicle.  *See* ECF No. 409, PgeID.42616.

The parties subsequently filed petitions seeking review of certain findings pursuant to 19 C.F.R. § 210.43.   ECF No. 400, PageID.42212; ECF No. 409, PageID.42617.  Plaintiffs sought review of the findings on functionality, genericism, secondary meaning, and infringement of the Asserted Jeep Trade Dress.  ECF No. 409, PageID.42617.  Defendant sought review of the finding of non-infringement of the Registered Grille Mark.  *Id.*  Defendant did not petition for review of its losses on claims for infringement of the '873 Mark or dilution of the '873 Mark, Registered Grille Marks, and unregistered Asserted Jeep Trade Dress.  *Id.*

On June 11, 2020, the Commission issued its Final Determination.  *See* ECF No. 397-1.  The Commission concluded that the Roxor vehicle infringes Defendant's Jeep Trade Dress; Plaintiffs' actions in importing and selling the infringing vehicle harm Defendant; Plaintiffs violated Section 337 by engaging in unfair trade; and that the Roxor vehicle does not infringe the Registered Grille Marks.  ECF No. 400, PageID.42214; ECF No. 409, PageID.42617.  The sixty-day Presidential Review Period ("PRP"), during which the President or his delegate, the U.S. Trade Representative, has plenary authority to disapprove of the ITC's determination and orders, concluded on August 11, 2020.  ECF No. 409, PageID.42618.

## C. Recent Proceedings in this Court

On October 17, 2019, Plaintiffs moved the Court to adjourn its December 2019 trial date.  ECF No. 208.  Plaintiffs explained that a short adjournment would

"avoid duplicative litigation" before the ITC and would not result in a harm to the parties or the public.  *Id.* at PageID.17429.  The Court granted Plaintiffs' Motion after meeting with the parties for a Status Conference.  ECF No. 209.  The Court determined that a "limited adjournment of the trial date and pretrial conference will serve the interests of judicial economy, conserve the parties' resources, and avoid duplicative litigation and the risk of inconsistent or conflicting decisions."  *Id.* at PageID.17455.

In June 2020, the parties met for a Status Conference one week after the Commission issued its Final Determination.  At the Conference, the parties maintained that the ITC's decision would narrow the issues presently before this Court.  *See* ECF No. 403, PageID.42347.  The Court provided the parties with an Amended Scheduling Order at the conclusion of this Conference.  *See* ECF No. 399.

The parties now separately move the Court for summary judgment. Defendant asks the Court to grant summary judgment in its favor on Counterclaim Count I, as well as the trade-dress aspects of Count IV of Plaintiffs' Complaint.[5] Specifically, Defendant argues the Court should apply issue preclusion to the ITC's findings that the Roxor vehicle infringes the Jeep Trade Dress.  ECF No. 400,

---

[5] The Court denotes that Defendant lists "Count V" of Plaintiffs' Complaint in its present Motion.  *See* ECF No. 400, PageID.42201.  However, upon further review of the Complaint and the parties' post-hearing communication, the Court construes Defendant's argument to correspond to "Count IV."

PageID.42210.  In their Cross-Motion, Plaintiffs move for summary judgment on their claim of non-infringement with respect to Defendant's registered trademarks (Count IV), as well as Defendant's counterclaims for infringement of its registered trademarks (Counterclaim Counts II, III, and IV) and dilution of its registered trademarks and unregistered trade dress (Counterclaim Counts V and VI).  ECF No. 409, PageID.42601.  Plaintiffs assert that they are entitled to entry of final judgment on these counts based on claim preclusion, or *res judicata*.  Additionally, should the Court grant Defendant's Motion, Plaintiffs argue the Court must also apply issue preclusion to its claim of non-infringement of Defendant's Registered Grille Marks (Count IV) and Defendant's counterclaims with respect to infringement of those same marks (Counterclaims II, III, and IV).  *Id.* at PageID.42602–03.

## III. LAW & ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) "directs that summary judgment shall be granted if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998) (quotations omitted).  The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255, (1986).  No genuine dispute of material fact exists where the record "taken

-8-

as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### B. Defendant's Motion for Summary Judgment (ECF No. 400)

Defendant moves for summary judgment on the basis of issue preclusion. Defendant asserts that the ITC's Final Determination, as it relates to the Commission's finding that Plaintiffs' Roxor vehicle infringes Defendant's Jeep Trade Dress, is entitled to issue preclusive effect.  ECF No. 400, PageID.42209. Defendant thus argues that the Court should grant summary judgment in its favor respecting this issue of infringement.

In their Response, Plaintiffs contend that issue preclusion is inappropriate. ECF No. 408, PageID.42489.  Plaintiffs only challenge the third element of issue preclusion, asserting that the ITC's Final Determination is not sufficiently final.  *Id.* at PageID.42495.  First, Plaintiffs argue that preclusive effect should only be given to findings from ITC decisions after the completion, exhaustion, or waiver of the appeal process to the Federal Circuit Court of Appeals.  *Id.* at PageID.42493–94. Second, Plaintiffs argue that the ITC Determination is not final until the PRP has concluded.  *Id.* at PageID.42500.

Federal law does not grant parties the opportunity to relitigate matters where they have previously received a dissatisfactory judgment.[6]  *See, e.g.*, *Thomas v. Miller*, 329 F. App'x 623, 628 (6th Cir. 2009).  Issue preclusion, also known as collateral estoppel, "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action."  *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 661 (6th Cir.1990).  The doctrine aims to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  *Allen v. McCurry,* 449 U.S. 90, 94 (1980).

To establish issue preclusion, Defendant must show: (1) an issue was raised and actually litigated in the prior proceeding; (2) the issue's determination was necessary to the outcome; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior proceeding.   *Georgia-Specific Consumers Prods. V. Four-UPackaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012).

Plaintiffs do not contest the first, second, or fourth requirements for issue preclusion as to trade-dress infringement.  ECF No. 408, PageID.42495 n.3.  The

---

[6] Where a party believes there is a legal basis with which to challenge a district court's judgment, they may appeal that judgment to a federal appellate court.

Court finds that these three requirements are satisfied here.  As to the first factor,

Defendant's trade-dress infringement (Counterclaim Count I) and Plaintiffs'

declaratory judgment claim regarding non-infringement (Complaint Count IV) each

seek determinations which were before and decided by the ITC: whether Defendant

owns the Jeep Trade Dress; whether the Jeep Trade Dress is valid; and whether the

Roxor vehicle is confusingly similar to the Jeep Trade Dress.  ECF No. 400,

PageID.42216.  As mentioned above, the ITC concluded in its Full Determination

that Defendant "has legal rights to the Jeep Trade Dress"; that the Jeep Trade Dress

has acquired secondary meaning, is not generic, and is not functional; and that

Plaintiffs' Roxor vehicle infringes Defendant's Jeep Trade Dress.  *See* ECF No. 400-

2, PageID.42311.

As to the second requirement, the Court finds that the ITC's trade-dress

infringement findings were necessary to the outcome in the parallel ITC proceeding.

The Commission determined that Defendant demonstrated a violation of section

337; given that the ITC found no trademark infringement, its finding of trade-dress

infringement was necessary to the proceeding's outcome.  ECF No. 400,

PageID.42216.

The Court also agrees that the fourth requirement for issue preclusion is met.

Plaintiffs, the party against whom estoppel is sought, had a full and fair opportunity

to litigate the present infringement issues before the ITC.  ECF No. 400,

PageID.42218-19; ECF No. 409, PageID.42625.   Indeed, the ITC proceeding consisted of full fact and expert discovery, five days of testimony, two rounds of post-hearing briefing, and a review of the ALJ's Initial Determination by the Full Commission.   ECF No. 400, PageID.42212.

Plaintiff instead only disputes the third factor: whether the ITC determination is sufficiently final.   *See Georgia-Specific Consumers Prods.*, 701 F.3d at 1098. Defendant argues that the ITC's decision constitutes a final, appealable judgment under 28 U.S.C. § 1295(a)(6).   As explained above, Plaintiffs contend that the ITC Determination is not final for two reasons.   The Court finds that Plaintiffs' second argument, that the ITC Determination is not final until the PRP has run, is moot.   At the time of Plaintiffs' filing, the sixty-day PRP, which was to end on August 11, 2020, had not yet run.   While the Court does not contest Plaintiffs' assertion that the "ITC Determination and the attendant Orders can be disapproved, modified, or vacated by the President or the U.S. Trade Delegate at any time," ECF No. 408, PageID.4502, it does take notice that the PRP has now affirmatively expired. Accordingly, the Court will only address Plaintiffs' first argument: that there is no "good basis" to apply preclusion to the ITC's trade dress validity and infringement findings before the exhaustion of appeals.   *Id.* at PageID.42496.

The Sixth Circuit has recognized that the application of issue preclusion is "central to the purpose for which civil courts have been established[.]"   *Marlene*

-12-

*Indus. Corp. v. N.L.R.B.*, 712 F.2d 1011, 1015 (6th Cir. 1983) (citations omitted).

The Sixth Circuit has also permitted a discretionary approach when courts consider

whether preclusion should be applied to the circumstances presented in each case.

*See, e.g.*, *Specialty Auto Parts USA, Inc. v. Holley Performance Prods., Inc.*, 771 F.

App'x 584, 593 (6th Cir. 2019).  Another court within this District recently explained

that "the Sixth Circuit tends to follow the more liberal view of preclusion."  *United

States v. Harold*, No. 18-cv-10223, 2019 WL 2566748, at *7 (E.D. Mich. June 21,

2019) (citations omitted).  This Court recognizes that the presented issue of whether

the ITC's non-patent determination, which is currently on appeal to the Federal

Circuit Court of Appeals, is sufficiently final for issue preclusion purposes is one of

first impression.  Following the Sixth Circuit's "more liberal view of preclusion," as

well as the other sister Circuits who have ruled on this issue, the Court finds that the

ITC's decision is entitled to preclusive effect at this juncture.

Federal courts have generally given an administrative agency's decision

preclusive effect when the agency acted in a judicial capacity, as the ITC did here in

the parallel proceeding.  *See, e.g.*, *Baltimore Luggage Co. v. Samsonite Corp.*, 977

F.2d 571, at *3 (4th Cir. Oct. 16, 1992) (unpublished table decision); *see also Tex.

Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1568–69 (Fed. Cir.

1996) (setting forth such principle).  However, an administrative agency decision,

issued pursuant to a statute, cannot have preclusive effect when Congress has

indicated that it intended otherwise. *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 110 (1991). For example, the Federal Circuit Court of Appeals has determined that Congress did not intend for the ITC's decisions on patent issues to have preclusive effect. *See Texas Instruments Inc.*, 90 F.3d at 1568–69.

Such an exception is not present here. In the present Motion, Defendant asserts that issue preclusion should be applied to the parties' trade-dress claims. The Supreme Court has recognized that in "situations in which Congress has authorized agencies to resolve disputes, 'courts may take it as given that Congress has legislated with the expectation that the principle will apply except when a statutory purpose to the contrary is evident.'" *B &B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) (quoting *Astoria*, 501 U.S. 104, 108 (1991)). Stated differently, "absent a contrary indication, Congress presumptively intends that an agency's determination … has preclusive effect." *Id.* at 151.

The Court finds the case law from other Circuits useful in resolving the presented issue. *See Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 278 (6th Cir. 2010) ("[W]hile we recognize that we are not bound by the law of other Circuits, this court has also routinely looked to the majority position of other Circuits in resolving undecided issues of law.") (internal quotation marks and citation omitted). In *Baltimore Luggage Co. v. Samsonite Corp.*, the Fourth Circuit upheld the district court's application of *res judicata* and collateral estoppel to the ITC's determination

-14-

concerning its adjudication of unfair trade practice and antitrust claims.  977 F.3d 571 (4th Cir. Oct. 16, 1992) (unpublished table decision).  Moreover, the court reasoned that allowing the plaintiff to relitigate its claims would "undermine the legitimacy of the rulings of the decisional authority of the ITC and the reviewing authority of the Federal Circuit." *Id.* at *4 (citation omitted).  A district court in the Seventh Circuit has also recently held that an ITC's determination regarding trade secret misappropriation has preclusive effect—specifically as it related to issue preclusion as argued here—in subsequent litigation. *Manitowoc Cranes LLC v. Sany Am. Inc.*, Nos. 13-c-677, 15-c-647, 2017 WL 6327551 (E.D. Wis. Dec. 11, 2017) (citing *Union Mfg. Co., Inc. v. Han Baek Trading Co., Ltd.*, 763 F.2d 42, 46 (2d Cir. 1985) (finding ITC adjudications of unfair trade practice and infringement causes of action are entitled to *res judicata* effect)); *see also Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F.2d 3 (1st Cir. 1992) (affirming the district court's application of *res judicata* to the ITC's antitrust decision).

The Court takes notice of Plaintiffs' argument that the ITC's trade dress validity and infringement findings should not be given preclusive effect before the exhaustion of appeals.  ECF No. 408, PageID.42496–424500.  Plaintiffs assert that applying preclusion at this juncture "raises the real possibility that the decision will be overturned or modified at the Federal Circuit, requiring modification of any orders entered by this Court." *Id.* at PageID.42499–42500.  The Court disagrees.

Finality for purposes of preclusion, similar to finality for purposes of 28 U.S.C. § 1291, is not equivalent to immutability. *See Overseas Motors, Inc. v. Import Motors Ltd., Inc.*, 375 F. Supp. 499, 517 (E.D. Mich. 1974). Indeed, as another district court in this Circuit explained, if a decision is not considered final for preclusive purposes when an appeal is pending, "then a plaintiff may file successive claims in multiple jurisdictions during the pendency of the appeal." *Crawford v. Chabot*, 202 F.R.D. 223, 227 (W.D. Mich. 1998) (finding that a state court judgment is final for *res judicata* purposes, despite the pendency of an appeal from that judgment). Such a strict finding would undermine the purposes of issue preclusion, including promoting judicial economy and avoiding duplicative litigation. *See Allen v. McCurry,* 449 U.S. 90, 94 (1980).

Moreover, the Court emphasizes that trial court judgments are considered final for preclusion purposes even if a party intends to appeal or if an appeal is pending. *Commodities Exp. Co. v. U.S. Customs Serv.*, 957 F.2d 223, 228 (6th Cir. 1992). While the Court acknowledges the present matter involves an administrative agency's decision, it declines to afford less preclusive effect to that decision. The Supreme Court recently reaffirmed the proposition that agency adjudications should not be afforded less preclusive effect than a trial court's proceedings. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138 (205). In *B & B Hardware, Inc.*, the Court made clear that its cases and the Restatement establish that "issue

preclusion is not limited to those situations in which the same issue is before two *courts*. Rather, where a single issue is before a court and an administrative agency, preclusion often applies." *Id.* at 148 (emphasis in original). This Court thus finds that the ITC's non-patent determination should be given preclusive effect.

In sum, the ITC's Final Determination in the parallel proceeding is sufficiently final to apply preclusive effect to the trade-dress claims presently before this Court. The Court thus finds that all four requisite elements for issue preclusion are satisfied. Accordingly, the Court will grant Defendant's Motion for Summary Judgment in its favor on the trade-dress infringement claims: Count I of Defendant's Counterclaim and Count IV of Plaintiffs' Complaint with respect to the trade-dress infringement.[7]

Moreover, it necessarily follows that summary judgment should issue in Defendant's favor on Count I of Plaintiffs' Complaint. The Court denotes that Defendant previously filed a Motion for Summary Judgment on the contract issue presented in this count. *See* ECF No. 98. On October 25, 2019, Defendant withdrew this motion, without prejudice, following the Court's adjournment of the parties' trial date and final pretrial conference. *See* ECF No. 210. At the hearing on the present Motion, Defendant argued that the Court's conclusion of finality as to the

---

[7] The Court emphasizes that this finding only applies to the 2018-2019 Roxor vehicle. As Plaintiffs explain in their briefs, and as highlighted at the hearing, the discovery and trial before the ITC only involved this specific model.

trade-dress infringement claims should also apply to the contract issue in Count I of Plaintiffs' Complaint. The Court agrees. Accordingly, the Court will grant summary judgment in favor of Defendant on the breach of contract claim in Count I of Plaintiffs' Complaint.

### C. Plaintiffs' Cross-Motion for Summary Judgment (ECF Nos. 405, 409)

Plaintiffs cross-move for summary judgment on certain claims on the basis of claim preclusion. They assert that the ALJ's findings in the Initial Determination are entitled to immediate preclusive effect. Specifically, Plaintiffs argue that the Court should enter final judgment in their favor on the following claims:

- Defendant's counterclaims with respect to infringement of the '873 Mark (Counterclaim Counts II, III, and IV) and Plaintiffs' claim for declaratory judgment with respect to non-infringement of the '873 Mark (Complaint Count IV)

- Defendant's counterclaims of dilution with respect to the '873 Mark (Counterclaim Counts V and VI)

- Defendant's counterclaims of dilution of its four Registered Grille Marks (Counterclaim Counts V and VI); and

- Defendant's counterclaim of dilution of its unregistered trade dress (Counterclaim Counts V and VI).

-18-

ECF No. 409, PageID.42606–07.  In their Cross-Motion, Plaintiffs emphasize that Defendant lost on the aforementioned claims in the parallel ITC Proceeding, and did not seek review of these findings by the Commission.  *Id.* at PageID.42613.  They argue Defendant waived its right to appeal and it is therefore barred by the doctrine of claim preclusion from litigating these claims before this Court.  *Id.*

In its Response, Defendant does not address the merits of Plaintiffs' arguments.  Rather, Defendant suggests that the Court "should focus its attention and resources on [its] motion and hold [Plaintiffs'] cross-motion in abeyance."  ECF No. 411, PageID.42675.  Defendant asserts that it "informed the Court that [it] would dismiss [its counterclaims] if the Court applies estoppel" as argued in its separate Motion for Summary Judgment.  *Id.* at PageID.42675.

### 1. Claim Preclusion Bars Defendant From Relitigating Its Dilution and '873 Mark Infringement Claims

The preclusive effect of a prior adjudication can be broken down into two separate doctrines: claim preclusion and issue preclusion.  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).  "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit."  *Id*. This doctrine "serves to 'avoid multiple suits on identical entitlements or obligations between the same parties.'"  *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 357 (2016) (quoting 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and

Procedure § 4402, p. 9 (2d ed. 2002)). Although claim preclusion bars claims that could have been brought at the time of the original case, it does not prevent new causes of action that ripened after the filing of the original case. *See Elder v. Twp. of Harrison*, 489 F. App'x 934, 937 (6th Cir. 2012).

To establish claim preclusion, Plaintiffs must show (1) "a final judgment on the merits" in a prior action; (2) "a subsequent suit between the same parties or their privies"; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same series of transactions. *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015). "When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *United States v. Utah Constr. Co.*, 384 U.S. 394, 422 (1966).

In the Sixth Circuit, findings are considered final for preclusion purposes if a party fails to timely appeal. *See Qualicare-Walsh, Inc. v. Ward*, 947 F.2d 823, 826 (6th Cir. 1991) ("[R]es judicata bars litigation in a second suit of claims that were unsuccessfully raised *or that should have been raised*, but were not, in the prior suit.") (emphasis added) (citations omitted). When other courts have considered ITC determinations in instances where the party against whom estoppel is sought chose not to appeal, they have determined that findings before the ITC are final. *See, e.g.,*

*Baltimore Luggage Co. v. Samsonite Corp.*, 977 F.2d 571 (4th Cir. Oct. 16, 1992) (unpublished table decision); *Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F.2d 3, 7 (1st Cir. 1992) ("[Plaintiffs'] failure to appeal from the ITC's order, which decided [Plaintiffs'] claim on the merits, rendered it final."); *Union Mfg. Co. v. Han Baek Trading Co.*, 763 F.2d 42, 45-46 (2d Cir. 1985); *Manitowoc Cranes LLC v. Sany Am. Inc.*, No. 13-C-677, 2017 WL 6327551, at *1, *5 (E.D. Wis. Dec. 11, 2017).

Plaintiffs argue that each of the four requisite elements are met for claim preclusion and thus Defendant is barred from relitigating its aforementioned dilution and infringement claims in this forum. For the reasons that follow, the Court agrees.

First, the ALJ's decision on each of the four dilution and infringement claims are final. The ALJ determined that (1) the Asserted Jeep Trade Dress is not famous and not diluted by the Roxor vehicle, ECF No. 400-2, PageID.42288; (2) the Registered Grille Marks are not diluted by the Roxor grille, ECF No. 400-2, PageID.42298–99; (3) the '873 Mark is not infringed, ECF No. 400-2, PageID.42297–98; and (4) the '873 Mark is not famous and has not been diluted by the Roxor vehicle, ECF No. 400-2, PageID.42298. Defendant elected to not seek review of any of these four determinations; rather, Defendant only sought review of the ALJ's finding on non-infringement of the Registered Grille Marks. Pursuant to 19 C.F.R. § 210.43(b)(2), a party's failure to petition an issue for review effectively abandons such issue.

Second, there is no dispute that this action involves the same parties as those before the ITC Proceeding.  ECF No. 409, PageID.42622.  "[A] final judgment on the merits of an action bars the same parties 'or their privies' from relitigating claims that were or could have been raised in that action."  *Heike v. Cent. Michigan Univ. Bd. of Trustees*, 573 F. App'x 476, 481 (6th Cir. 2014) (citation omitted).

Third, the claims at issue were actually litigated before the ITC.  The Court takes notice that Defendant argues in its separate Motion that the ITC proceeding was a "full and fair opportunity to litigate" the parties' claims.  ECF No. 400, PageID.42218.  Upon review of the claims at issue, the Court finds that Count IV of Plaintiff's Complaint and Defendant's Counterclaim Counts II, III, IV, V, VI with respect to infringement of the '873 Mark; dilution of the '873 Mark and the Registered Grille Marks; and dilution of the Asserted Jeep Trade Dress were actually litigated before the ITC proceeding.

Finally, to constitute a bar under the doctrine of claim preclusion, there must also be an "identity of the causes of action."  *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).  "Causes of action share an identity where the facts and events creating the right of action and the evidence necessary to sustain each claim are the same."  *Heike*, 573 F. App'x 476, 483 (citing *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992)).  Courts are to examine the suits for factual overlap to see "if they are based on substantially the

same operative facts, regardless of the relief sought in each suit." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011).  Here, Defendant's allegations against Plaintiffs in both its counterclaims in this Court and those claims brought before the ITC concerned the same 2018-2019 Roxor vehicle, the same set of operative facts, and the same alleged injury.  As described above, Defendant brought the identical claims asserted in its counterclaims for (1) dilution of the Asserted Jeep Trade Dress; (2) dilution of the Registered Grille Marks; (3) dilution of the '873 Mark; and (4) infringement of the '873 Mark against Plaintiffs.  Indeed, in its Response, the Court denotes that Defendant concedes that its claims which did not succeed at the ITC cannot go forward in this forum.  ECF No. 411, PageID.42674.

Accordingly, all four elements of claim preclusion are satisfied.  To reiterate, Defendant fails to substantively respond to Plaintiffs' arguments regarding claim preclusion.  Plaintiffs are thus entitled to summary judgment on this issue.  *See, e.g.*, *Design Basics, LLC v. Chelsea Lumber Co.*, 977 F. Supp. 2d 714, 736 (E.D. Mich. 2013) (granting summary judgment where nonmovant did not respond to judicial estoppel arguments); *Scott v. State of Tenn.*, 878 F.2d 382, at *2 (6th Cir. July 3, 1989) (unpublished table decision) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.") (citations omitted).

Accordingly, the Court will grant Plaintiffs' Cross-Motion in their favor on Count IV of their Complaint and Defendant's Counterclaim Counts II, III, IV, V, VI with respect to infringement of the '873 Mark; dilution of the '873 Mark and the Registered Grille Marks; and dilution of the Asserted Jeep Trade Dress.

### 2. Claim Preclusion Bars Defendant From Relitigating Its Registered Grille Marks Infringement Claims

Additionally, Plaintiffs argue that the Court should grant their Cross-Motion on Count IV of its Complaint with respect to non-infringement of the Registered Grille Marks, as well as Defendant's Counterclaims Counts II, III, and IV with respect to infringement of the Registered Grille Marks, should the Court find the trade dress claims at issue in Defendant's Motion have issue preclusive effect. ECF No. 409, PageID.42624. Plaintiffs assert that these infringement claims "stand in the same posture as the claims raised in [Defendant's] Motion[.]" ECF No. 413, PageID.42687. Plaintiffs prevailed on Defendant's claims of infringement of the Registered Grille Marks before the ALJ, ECF No. 400-2, PageID.42294–95, and on review before the Full Commission in its Final Determination, *see* ECF No. 409, PageID.42617.

As explained in the analysis concerning Defendant's Motion for Summary Judgment, the ITC's non-patent determination should be given preclusive effect to the present matter in this forum. It necessarily follows that Plaintiffs' Cross-Motion on Count IV of its Complaint, with respect to non-infringement of the Registered

Grille Marks, as well as Defendant's Counterclaims Counts II, III, an IV, with respect to infringement of the Registered Grille Marks, will also be granted under the doctrine of claim preclusion. Indeed, the parties communicated to the Court after the hearing that these claims should also have preclusive effect in light of the Court's finding as to Defendant's Motion.

The Court is satisfied that the four requisite elements of claim preclusion are met here. First, the ITC's Final Determination is sufficiently final to apply preclusive effect to the determination that the Roxor vehicle[8] does not infringe Defendant's Registered Grille Marks. Second, the parties before the ITC proceedings and the present matter are identical. Third, the parties do not dispute that the issue of infringement of the Registered Grille Marks was actually litigated before the ITC. Fourth and finally, the causes of action before the ITC and this Court are the same. Indeed, "[i]n both the ITC investigation and here, [Defendant] alleges that the Roxor vehicle infringes the Registered Grille Marks, using almost identical language in both sets of pleadings." ECF No. 409, PageID.42624.

Accordingly, the Court will enter final judgment for Plaintiffs on its declaratory judgment claim of no infringement of the Registered Grille Marks

---

[8] The Court emphasizes once more that this Opinion and Order concerns only the 2018-2019 Roxor vehicle.

(Complaint Count IV) and Defendant's Counterclaim of infringement of the Registered Grille Marks (Counterclaim Counts II, III, and IV).

## IV. CONCLUSION

For the reasons articulated above, Defendant's Motion for Summary Judgment [#400] is **GRANTED**. It is therefore **ORDERED** that Counts I, and IV as it relates to trade-dress infringement, of Plaintiffs' Complaint are dismissed with prejudice. Defendant's Counterclaim Count I is granted in its favor.

**IT IS FURTHER ORDERED** that Plaintiffs' Cross Motion for Summary Judgment [#405, 409] is **GRANTED**. It is therefore **ORDERED** that Count IV of Plaintiffs' Complaint, as it relates to infringement of U.S. Trademark Registration Nos. 4,272,873; 2,862,487; 2,161,779; 2,794,553 and 4,043,984; and Defendant's Counterclaim Counts II, III, IV, as it relates to infringement of U.S. Trademark Registration Nos. 4,272,873; 2,862,487; 2,161,779; 2,794,553 and 4,043,984, V, and VI are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated:        October 8, 2020

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 8, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager